## CHAPMAN v. CUMMING.

Motion to set aside service of writ &c.

A Sheriff's return of a writ, "served," is not conclusive as to time and place of service, which may by affidavit, be shown to be illegal.

*James S. Green*, in behalf of defendant.
*Mr. Ryerson* for plaintiff.

The opinion of the Court, was delivered by

DAYTON, J.  It is shown by affidavit taken under a rule of this court, entered in behalf of the defendant, upon the return of the writ, that it was served by the deputy of the sheriff of Middlesex, (to whom it was directed) in the township of Montgomery, in the county of Mercer, a short distance beyond the Middlesex line.

That the service was simply by reading it to the defendant, without leaving a copy.  The plaintiff's counsel contends that the return of a writ, by the sheriff, "*served*," means a legal service, and against that return, there can be no traverse or averment in the same action : but that the defendant's remedy is against the sheriff for a false return.

If the objection went to the form of the service alone, (i. e. that no copy was left as required by statute) I should think that the above principle would cover the case.  The return of the sheriff that the writ was "*served*," means a *service in modo et forma*, &c, and nothing in this action can be heard to the contrary, *Slayton* v. *Inhabitants of Chester*, 4 *Mass. R.* 478.

But this writ was not served within the limits of the county of Middlesex, and admitting that the sheriff's return is conclusive as to the mere *fact of service*, it may be shown that it was served at a time or place where the defendant was protected therefrom. This in effect, admits the service, but avoids it by proof of a collateral fact.  In England, it is the constant practice to set aside the service of a summons or an arrest, if it be shown by affidavit, that it was made in the wrong county.  4 *Eng. C. L. R.* 356—18 *Eng. C. L. R.* 18— *Vid.* also 3 *Harrison's Dig.* 1767, 1975 and cases there cited.  The service of writs of summons, is there allowed by statute, to be within the county or within 200 yards of the border thereof, and the affidavit must therefore neg-

ative such proximity, or the service will not be set aside. 3 *Chitty's Pract.* 242, 265, 355. We have no such statutory provision. The service in this case was bad, and must be set aside.

FORD and WHITE, Justices concurred.

The CH. J. gave no opinion, being connected with one of the parties.

*Service set aside.*